IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3125 |
| vs. | |
| MARCUS KIM REMUS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report. Filing 135.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 135) to the presentence report, generally objecting to the presentence report's calculation of the advisory Guidelines range based not only on the charges arising from the December 26 robbery to which the defendant pleaded guilty, but the December 28 and December 30 robberies as well.

The addendum to the presentence report explains the probation officer's conclusion that the other robberies should be considered pursuant to U.S.S.G. § 1B1.2(c), which provides that a written plea agreement "containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offenses." But the most that the Court can get out of the plea

agreement in this case is the defendant's stipulation that he *previously* admitted to authorities that he participated in the December 28 robbery. He stipulated to the evidence *suggesting* participation in the December 30 robbery, but did not directly stipulate to participating. *See* filing 103 at 2-3.

The Court cannot help but note, however, that the undersigned presided over a 4-day jury trial at which the defendant testified against his co-defendant, at length and in detail, about his participation in a string of robberies, including the robberies reflected in the presentence report. The Court's determination of the appropriate sentence to impose in this case is far more likely to be affected by the defendant's own comprehensive description of his conduct than by parsing the precise language of the plea agreement. And he can hardly deny his conduct at this point, particularly because he presumably wants credit for testifying *truthfully* against his codefendant.

Nonetheless, the Court will resolve this issue at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and

serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of March, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge